NO. 07-11-00051-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 22, 2011

IN RE TOMMY DOMINGUEZ, RELATOR

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Tommy Dominguez, has filed a Petition for Writ of Mandamus requesting this Court issue mandamus to compel respondent, the Honorable William D. Smith, "to perform his ministerial duty, to abide with T.C.C.P. Art. 26.052(e), and in the alternative, that this cause be remanded to the Trial Court for trial on its merit." By his petition, Dominguez complains that, in 1997, he was tried for capital murder and that the State sought the death penalty, and the trial court abused its discretion when it failed to appoint two attorneys to assist him. See TEX. CODE CRIM. PROC. ANN. art. 26.052(e) (West Supp. 2010).[1] We deny the petition.

---

[1] While the current version of art. 26.052(e) does provide that the trial court shall appoint two attorneys to represent a capital murder defendant when the State seeks imposition of the death penalty, the version of the statute that was in effect at the time of Dominguez's trial and that established the trial court's duty in Dominguez's trial provided that the trial court shall appoint lead counsel and "shall appoint a second counsel to assist in the defense of the defendant, unless reasons against the appointment of two counsel are stated in the record." Acts of 1995, 74th Leg., R.S., ch. 319, § 2, 1995

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion, and (2) the party requesting mandamus relief has no adequate remedy by appeal. See In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). As the party bearing the burden of proof, a relator must provide a sufficient record to establish his entitlement to mandamus relief. See Walker, 827 S.W.2d at 837.

Texas Rule of Appellate Procedure 52.3[2] identifies the requirements for a petition for writ of mandamus filed in this Court. While Dominguez's petition generally complies with these requirements, it is deficient in one significant respect. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix or record, and Rule 52.3(k)(1)(A) requires that the appendix to the petition include a certified or sworn copy of any order complained of, or other document showing the matter complained of. Dominguez has not included an appendix to his petition nor has he filed a copy of the record from the capital murder trial of which he now complains. As such, Dominguez has failed to provide this Court with a sufficient record to allow us to assess the merits of Dominguez's claim that the trial court clearly

Tex.Gen.Laws 319 (amended 2009) (current version at TEX. CODE CRIM. PROC. ANN. art. 26.052(e)) (emphasis added). Thus, even were we to assume that Dominguez was appointed only one attorney to represent him in his capital murder trial where the State sought the death penalty, Dominguez's failure to provide the record from that trial precludes this Court from determining whether the trial court stated reasons against the appointment of two attorneys in the record.

[2]Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule __."

abused its discretion or violated a duty imposed by law.  See Walker, 827 S.W.2d at 837.

As Dominguez has failed to meet his burden to establish entitlement to the relief he seeks, we deny the petition.


Per Curiam